SARAH FURR WESTON, F. L. FURR, F. S. FURR, L. W. FURR, JESSIE F. HARTSELL, C. B. FURR, R. H. FURR, SELMA FURR SAMS, JULIA FURR FREEMAN, HELEN H. SUTTON, J. ROBERT HOWIE, HENRY H. HOWIE, BRICE G. HOWIE, LOUELLA H. BIVENS, ELIZABETH HOWIE, ROBERT HUNTLEY AND FRIEDA HUNTLEY v. CLARENCE HASTY AND WIFE, CALLIE LUCILLE HASTY; BRONS HASTY AND WIFE, MARGIE MARIE HASTY; C. W. DRAKE AND WIFE, IRIS ELIZABETH DRAKE.

(Filed 6 November 1963.)

**Appeal and Error § 3; Judgments § 2—**

> Where, after agreement that the court might enter judgment out of term and out of the district, plaintiff's counsel, who was to prepare the judgment, becomes ill and no judgment is tendered until some year and four months after the term, the judge may properly refuse to sign the judgment and properly directs that the action be heard *de novo*, and an appeal from his refusal to sign the judgment will be dismissed, there being no judgment from which an appeal might be taken. Further, the Supreme Court, in the exercise of its general supervisory jurisdiction, will order that the cause be heard *de novo* in the county in which it was instituted.

PURPORTED appeal by plaintiffs in an action pending in UNION Superior Court.

*Carswell & Justice and Kermit Caldwell for plaintiff appellants.*
*Richardson & Dawkins and Coble Funderburk for defendant appellees.*

PER CURIAM. In this action, which was instituted October 22, 1957, plaintiffs and defendants, in their respective pleadings, assert ownership of certain lands in Goose Creek Township, Union County.

A stipulation dated November 9, 1961, sets forth that "(u)pon the hearing of the above controversy without action before the Honorable Allen H. Gwyn, Judge Presiding at the October 1961 Criminal and Civil Term of the Superior Court of Union County," plaintiffs and defendants, through their attorneys of record, "in open court hereby stipulate and agree that the Judgment in the above controversy without action may be signed by the presiding judge out of term and out of district."

The attorney for plaintiffs who was to prepare and submit a proposed judgment to Judge Gwyn became sick. No judgment was prepared and presented during the period (Fall Term 1961) Judge Gwyn was the superior court judge holding in regular rotation the courts of the Twentieth Judicial District. On February 23, 1963, plaintiffs' at-

torneys tendered to Judge Gwyn at Chambers in Reidsville, North Carolina, a proposed judgment which contains what purports to be an "agreed statement of facts" and an adjudication of the respective rights of the parties. Judge Gwyn, being uncertain as to precisely what had been said and done at said October Term 1961 of Union Superior Court and being of opinion he had no jurisdiction after December 31, 1961, to conduct a hearing or enter judgment, declined to sign the proposed judgment tendered February 23, 1963, and refused to hear and pass upon the matter *de novo*.

No judgment has been entered. Plaintiffs attempt to appeal from Judge Gwyn's refusal to act further in the matter. Under the circumstances, without reference to whether he had jurisdiction, Judge Gwyn's refusal to act further was permissible and proper.

The purported appeal is dismissed; and, in the exercise of its power "to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the other courts" (North Carolina Constitution, Article IV, Section 10(1) ), this Court orders that the cause be heard *de novo* in regular course in the Superior Court of Union County. It is noted that Judge Gwyn suggested that plaintiffs should proceed as this Court now directs.

Appeal dismissed.